## WELSH *v.* SAVERY.

Where no part of the evidence in a cause, is brought before the appellate court, nor anything to show the pertinency of instructions asked and refused that court cannot determine the applicability of the instructions, or that they were improperly refused.

Where a party clearly brings himself within the law, in applications for a change of venue, and no special circumstances are shown, as that prior continuances have been granted, or something of that kind, it is the duty of the court to grant the motion; and a refusal to do so, may, and will, be reviewed by the appellate court.

The law does not contemplate that a party is entitled to a continuance, *only* in the event that a witness is absent by whom he can *fully* prove a particular fact; but, if from the witness, he can obtain testimony tending to substantiate particular facts—or, if his testimony will materially assist in determining the issues joined—he has a right to the presence or deposition of the witness, unless there is some other witness by whom the same facts can be substantiated, to the same extent as they would be by the absent witness.   STOCKTON, J., *dissenting.*

It is that which the absent witness would swear to, if present, that the affiant claims the benefit of, by his affidavit; and when he swears that he knows of no other witness by whom he can prove such fact or facts, as *fully* as he can by the one then absent, he complies with the statute.

A party applying for a continuance on the ground of the absence of a witness, need not state in his affidavit, that he cannot fully prove—that is, that he cannot fully substantiate or demonstrate by any other witness, the facts or matters he expects to prove by the absent witness.   If he knows of no other means within his reach, by which he can supply the defect in his testimony, occasioned by the absence of the witness named, and makes this, as well as the other matters required by the Code, to appear, he substantially complies with the law, and should have time, ordinarily, to obtain his proof.

*Appeal from the Polk District Court.*

THIS action was commenced before a justice of the peace, to recover for the services of one Andrew Lynch, under a contract, and by defendant appealed to the District Court. In that court, he applied for a continuance on account of the absence of a witness, which application reads as follows: " James C. Savery, being duly sworn, deposes and says, he is the defendant in the above entitled action; that if this cause is continued until the next term of this court, he expects to be able to prove by J. R. Andrews, of Council Bluffs, in the state of Iowa, that defendant paid plaintiff in advance, twelve dollars for and on account of the labor, for the value of which this action was brought; that there was a contract between the defendant on the one part, and plaintiff on the other, that the boy Andrew, was to work for defendant one year; that the said boy Andrew, ran away from defendant and his employ, before the expiration of said time, and continued away from defendant's employ in the Everett House, where, by the contract, he was to have worked; that defendant knows of no other witness, by whom such facts can be fully shown; that said witness, J. R. Andrews, has for a long time been from his residence in Council Bluffs, so that defendant could not take his deposition, to be used on the trial of this cause, and could not in any way procure his testimony to be used on the trial of the same. Defendant further says, he has been writing for the purpose of getting the testimony of said witness, and has been informed, that said witness was away, and still is away, from his residence, and is at some place unknown to defendant; but that he was to be at Fort Des Moines, some time in July, 1856, when and where his deposition could be taken, to be used on the trial of this cause, but that he has not been here, and is still expected." This application being overruled by the court, the trial proceeded, during which the defendant asked certain instructions, which were refused, and which, under the decision of the court, it is not neces-

Welsh v. Savery.

sary to state.   Judgment was rendered for the plaintiff, and the defendant appeals, assigning for error, the overruling the motion for a continuance, and the refusal to give the instructions asked.

*Brown & Elwood*, for the appellant.

*J. E. Jewett*, for the appellee.

WRIGHT, C. J.[1]—No part of the testimony is before us, nor is there anything to show the pertinency of the instructions asked and refused, and the most that can be claimed for them is, that they might possibly be correct under a certain state of proof.   Not being advised as to the proof in the case before us, we cannot judge of their applicability, and cannot therefore say that they were improperly refused.

We are then left to inquire whether the application for a continuance was correctly overruled.   We have examined the affidavit with some care, and are unable to see upon what ground the ruling below was based.   It is true that two affidavits were made on different days, the first one being substantially defective.

The second one, however, stands upon a basis and presents grounds, so substantially different from the first, that it cannot be claimed with justice, that the defendant had no right to be heard upon such second application.   This objection being thus obviated, we must look to the sufficiency of the affidavit.   As already intimated, we think it complies, substantially and fully, with the law.   And we see no reason why defendant was not, under the most strict rule, entitled to his continuance.

Where a party clearly brings himself within the law, in applications of this character, and no special circumstances are shown, as that prior continuances have been granted, or something of that kind, it is the duty of the court to grant the motion, and a refusal to do so, may and will be, reviewed

[1] STOCKTON, J., dissenting.

by this court. It is said, however, that this affidavit is defective in that the affiant states, that he knows of no other witness by whom the facts detailed can be as fully proved, as by the one alleged to be absent, whereas the law requires that he shall state that he knows of no other witness by whom the facts can be fully proved. In our opinion, however, the objection is without weight. The law does not contemplate, that a party is entitled to a continuance, only in the event that a witness is absent, by whom he can fully prove particular facts or a particular fact. But, if from the witness, he can obtain testimony, tending to substantiate particular facts, or if his testimony will materially assist in determining the issues joined, he has a right to his presence, (or deposition,) unless there is some other witness by whom the same facts can be substantiated, to the same extent as they would be by the absent witness. It is that which the absent witness would swear to, if present, that the affiant claims the benefit of by his affidavit, and when he swears that he knows of no other witness by whom he can prove such fact or facts, as fully as he can by the one thus absent, in our opinion he complies with the law. Under our practice, the adverse party may admit, that the witness, if present, would swear to the facts stated, and thus avoid a continuance; but he is not required, as formerly, to admit the truth of the matters thus stated, or have his cause continued. Nor, on the other hand, need the party applying state in his affidavit, that he cannot fully prove, that is, that he cannot fully substantiate or demonstrate, by any other witness, the facts or matters which he expects to prove by the absent witness. But if he knows of no other means within his reach, by which he can supply the defect in his testimony, occasioned by the absence of the witness named, and makes this as well as the other matters required by the Code appear, he substantially, and we think even technically, complies with the law, and should have time ordinarily to obtain his proof. Because, therefore, this continuance was improperly refused, the judgment is reversed and cause remanded.

STOCKTON, J., dissenting.—I dissent from the opinion of the court as to the sufficiency of the affidavit for a continuance. The defendant asked for a continuance on account of the absence of J. R. Andrews, by whom he swears that he expects to prove certain facts which are stated in the affidavit, and he further says that he "knows of no person by whom the same facts can be as fully proved as by said Andrews."

In my opinion this is not sufficient. For aught that appears, there may have been other persons by whom everything necessary for his defence could be proved, within the reach of the process of the court, whom the defendant might have called as witnesses. He has no right to assume that he can more fully prove them by Andrews. The statute requires him to show what diligence he has used to obtain the testimony, the name and residence of the witness, and what particular facts he expects to prove by him, and he must state on oath that he knows of no other witness by whom the same facts can be fully proved. This the defendant has not done by his affidavit. By stating that he knows of no other person by whom the particular facts will be as fully proved as by Andrews, he authorizes the court to infer that there are other persons within his reach, by whom, in the language of the law, "such facts can be fully proved."

For these reasons, I think that the affidavit was insufficient, and that the continuance was properly refused.