UPTON & CO. v. PAXTON ET AL.

1. **Change of Venue:** SECOND CHANGE: SHOWING: JUDICIAL NOTICE: JUDGES OF COURTS. Plaintiffs obtained a change of venue in this case from the district court of Boone county to the district court of Story county, both counties being in the same judicial district. Afterwards, and after there had been a change of the district judge of that district, defendants moved for another change on the ground of the prejudice of the judge, but they made no showing that the ground on which they asked the change did not exist when the first change was obtained, as required by § 2951 of the Code. But *held* that no such showing was necessary in this case, because, on account of the change of the judges, the alleged prejudice could not have existed when the first change was obtained, and the district court, and this court as well, will take judicial notice as to who are the judges of the various courts of the state, and of their terms of office.

2. **Equity:** JURISDICTION: INTRICATE ACCOUNTS. In an action upon promissory notes, where the makers had turned over to the payees numerous collaterals, on which many collections had been made, some of them in small amounts, *held* that a motion by plaintiffs for leave to file a petition in equity, and to have the cause tried as an equitable action, was properly overruled, because there were no mutual accounts to be adjusted, nor was any discovery wanted in aid of plaintiffs' account, and the account did not stand upon equitable claims, and there was no equitable trust connected with it, and it was not specially complicated or intricate,—these being the principal grounds on which courts of equity have entertained jurisdiction of actions for account.

3. **Instructions:** WHAT TO BE SUBMITTED. It is the duty of the court to submit to the jury all questions of fact arising under the pleadings upon which evidence has been introduced on the trial. (See opinion for application of rule.)

4. **Verdict:** EVIDENCE TO SUPPORT. This court will not disturb a verdict on the ground that it is not supported by the evidence on a material point in issue, where there is a fair conflict in the evidence on that point. (See opinion for illustration.)

5. **Instruction:** CREDIBILITY OF PARTICULAR WITNESS: ERROR COVERED BY GENERAL INSTRUCTION. Where there was an inconsistency between defendant's testimony and the allegations of his sworn answer, a proper instruction to the effect that inconsistencies of that kind, if found by the jury, would tend to impair the credibility of a witness, was refused by the court; but *held* that in this there was no prejudicial error, where the court, on its own motion, instructed the jury that they were the judges of the facts and of the credibility of the witnesses, and that they

should weigh the evidence, and all of it, and return their verdict in the light of the preponderance of it.

6. ———: AS TO THEORY EXCLUDED BY VERDICT: NOT REVIEWED. Alleged error in instructions as to the degree of plaintiffs' liability, on their theory of the case, will not be considered on appeal, where the verdict of the jury in effect excludes such theory as not being true in fact.

*Appeal from Story Circuit Court.*

WEDNESDAY, JUNE 29.

ACTION on a promissory note.   Verdict and judgment for defendants.   Plaintiffs appealed.

*Hubbard, Clark & Dawley,* for appellants.

*M. K. Ramsey* and *R. F. Jordan,* for appellees.

REED, J.— On the 14th of November, 1871, plaintiffs were the owners of four promissory notes executed by the firm of Paxton & Ramsey, of which firm the defendants were the members, the aggregate amount of the principal of which was $2,454.61.   On that day defendants turned over to them forty-seven notes on third parties, amounting in the aggregate to $1,896.50.   Plaintiffs collected a portion of the notes, and credited the amounts so received on three of the notes held by them on defendants.   They also received from one Parker the sum of $579.58, for which they also gave defendants credit.   The total amount of these credits exceeded that of three of the notes on defendants, and the excess was credited on the fourth note.   This action is for the recovery of the balance alleged to be due on that note.   In their original answer the defendants pleaded, in effect, that Parker held certain notes belonging to them, amounting to $579.58, and that, at the same time they turned over to plaintiffs the forty-seven notes, they also gave them an order on Parker for the notes in his hands, and that the notes were turned over and the order given, upon an agreement between the parties that the plaintiffs would accept all of the notes

Upton & Co. v. Paxton et al.

as payment *pro tanto* of the four notes held by them on defendants. In an amendment subsequently filed, they pleaded that the agreement was that plaintiffs would receive and accept said notes as full payment of the four notes, and that they delivered the notes and order, and plaintiffs received them, upon that agreement. Each of these pleadings was verified by the affidavit of the defendant Paxton.

I. The action was brought in 1879 in the district court of Boone county, but the place of trial was subsequently

1. CHANGE of venue: second change: showing: judicial notice: judges of courts.

changed, on plaintiffs' motion, to the district court of Story county. After the change was perfected, and after one or more continuances of the cause, the defendants filed a motion for a change of place of trial on account of the alleged prejudice of the judge of the district court, which was granted, and the cause was changed to the circuit court of that county. The affidavits in support of the motion showed that the alleged prejudice of the judge was not known to the defendants when the cause was last continued, but there was no showing as to whether it existed when the former change was granted. Plaintiffs contend that the order granting the change is in violation of the clause of section 2591 of the Code, which provides that "after one change no party is entitled to another for any cause in existence when the first change was obtained." Hon. J. W. McKenzie was judge of the district court when the change from Boone county was granted. But Hon. H. C. Henderson was judge of that court when the application for the change from the district court was made, and the allegation of prejudice applied to him. The alleged prejudice of the judge did not, therefore, exist when the first change was granted. The fact that another judge was on the bench when the last application for change was made was not shown in support of the application, and there existed no reason why it should be shown. This court, as well as the district court, will take notice of who are the judges of the various courts of the state, and of their terms

of office, and it is not necessary to establish such matters by evidence.    The second change was therefore properly granted.

II.    After the cause was changed to the circuit court, plaintiffs asked leave to file an amended petition in equity, and they asked that the cause be tried in the manner prescribed for the trial of equitable actions; but, on defendants' objection, the court refused to permit the pleading to be filed.    The court also refused to try the cause as an equity action.    In this pleading, plaintiffs alleged the execution and delivery by defendants of said four promissory notes, and that they were the owners of the same on the 14th of November, 1871, and that on that date they demanded of the defendants security for said indebtedness, and that, in obedience to that demand, defendants delivered to them, as collateral security, the forty-seven promissory notes mentioned above, which they received and proceeded to collect, so far as the same were collectible, and that the collections were made at various times, and in divers amounts; some of the payments amounting to no more than $2.    Also, that said Parker, by defendants' direction, made numerous payments of money to them, to be applied in satisfaction of the indebtedness.    Also that the entries of account touching collections are numerous, and the account long and intricate, and that it was impracticable, in a trial by jury, to adjust the question of interest on the numerous payments.    We are of the opinion that no grounds of equitable jurisdiction are stated in the pleading.    There were no mutual accounts to be adjusted, nor was any discovery wanted in aid of plaintiffs' account; nor did the account stand upon equitable claims, nor was any equitable trust connected with it. The evidence of the several payments were all in plaintiffs' hands, or easily attainable by them, and no appeal to the conscience of the other party was necessary for its establishment. Neither was it complicated nor specially intricate.    These are the principal grounds upon which courts of equity have entertained jurisdiction of actions for account.    Story, Eq.

*2. EQUITY: jurisdiction: intricate accounts.*

Jur., *c.* 8. A court of law has jurisdiction to administer full relief upon the facts alleged in the pleading; and, under the issue as it stood when plaintiffs offered to file the amended petition, evidence could have been introduced to establish each of those facts; so that there existed no necessity for filing it, and the circuit court properly refused to permit it to be filed.

III. The transaction in which plaintiffs received the forty-seven notes was had with the defendant J. B. Paxton, who on the trial testified that they were turned over, and the order on Parker given, in full payment of the four notes held by plaintiffs, and that they were so accepted by plaintiffs; while the evidence introduced by plaintiffs tended to prove that they were received as collateral security. The circuit court, by the instructions, left it to the jury to determine whether the notes were received by plaintiffs in payment or as collateral security. The action of the court in submitting that question to the jury is assigned as error. The question, however, is distinctly raised by the pleadings; and, as there was evidence which tended to prove that plaintiffs received the notes in payment of the debt, it was clearly the right of the defendants to have the question of fact passed upon by the jury. It is the duty of the trial court to submit to the jury all questions of fact arising under the pleadings upon which evidence is introduced on the trial.

3. INSTRUCTIONS: what to be submitted.

IV. It is insisted that the finding of the jury is so manifestly against the weight of evidence that the verdict ought not to be permitted to stand. The verdict, we think, must be regarded as the finding by the jury that plaintiffs received the notes in full payment of the debt which defendants were owing them; for, if they had received them at their face value as payment *pro tanto*, or if they received them as collateral security, and were chargeable with their face value, there would still be remaining a balance due from defendants on the note in suit, whereas

4. VERDICT: evidence to support.

the finding of the jury was that nothing was due upon it. As stated above, one witness testified positively that the notes were delivered as full payment of the debt. Others testified to the contrary, and a number of circumstances were proven which tended strongly to show that plaintiffs received them as collateral. It is manifest that a question of fact arose upon which there was a conflict of evidence, and upon which the parties had the right to have the verdict of the jury. The case therefore falls under the well-settled rule that this court will not, in ordinary actions, disturb the finding of the trial court or jury on a question of fact upon which there is a fair conflict of evidence.

V. Counsel for plaintiffs asked the court to give the following instruction, which was refused: " In determining what amount of weight or credibility shall be given to the testimony of any witness, the jury should take into consideration any sworn statements shown to have been made by such witness in conflict with or inconsistent with the testimony of such witness. Any such conflicting or inconsistent statements, if shown, go to the credibility of the witness, and tend to impair his testimony, but to what extent is for the jury to say." The judge, however, gave the following instruction on his own motion: " You are the judges of facts, and of the credibility of the witnesses.      *      *      *      Weigh the evidence, and all of it, giving to it such weight and credence as in your judgment it is fairly entitled to, and return your verdict in harmony with the preponderance, in the light of these instructions." The instruction was asked, no doubt, in view of the fact that there was an inconsistency between the testimony of defendant Paxton and the allegations of the original answer, which was verified by his affidavit, and in which it was alleged that plaintiffs had received the notes as payment *pro tanto* of the debt. Its correctness in the abstract is not doubted, but we think plaintiffs were not prejudiced by the refusal of the court to give it. The fact of the incon-

sistency was before the jury, and no doubt was commented on by counsel in argument. In the instruction given, they were directed to give such credence to the testimony as in their judgment it was fairly entitled to. Under this direction the jury were required to consider every fact in the case which affected the credit which should be given to the testimony of the different witnesses. With this general direction before them, they could hardly have failed to consider the fact in question in determining what weight should be given to the testimony of that particular witness, although their attention was not specially called to it by the instruction of the court.

VI. The circuit court instructed the jury, in effect, that plaintiffs, under their claim as to the contract under which they received the notes, which was that they received them as collateral security, were required to account for all of the notes received by them, and were required to give defendants credit for them or show that they were not collectible. The giving of this instruction is assigned as error. We think, however, that we have no occasion to consider the question of its correctness; for, as stated above, the verdict necessarily implies a finding by the jury that the notes and order were received by plaintiffs in full payment of the debt.

We find no prejudicial error in the rulings of the circuit court, and the judgment must be

