STATE of Iowa, Appellee,

v.

Thomas Sylvester WRIGHT, Appellant.

No. 61320.

Supreme Court of Iowa.

Jan. 24, 1979.

Alfredo G. Parrish, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Lona J. Hansen, Asst. Atty. Gen., for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

LARSON, Justice.

This defendant appeals following his conviction of the crime of robbery under § 711.3, The Code (1975), contending the court erred in 'granting the state's application for a continuance, in refusing his requested instruction on identification evidence, and in refusing to grant a new trial based upon claimed prosecutorial misconduct. Upon review, we find no reversible error in the trial court's proceedings and therefore affirm.

## I. The continuance order.

The defendant was charged by county attorney's information on April 19, 1977. Trial commenced on Wednesday, May 31, and continued on the following day until approximately 11:30 a. m., when the state moved for a continuance until 9:30 a. m. on June 6, the following Monday. The ground for the motion was that Dale Niederhauser, an identification witness, was in Canada and unavailable before June 6. Defendant resisted the continuance, claiming that the state failed to show due diligence in securing his attendance as required by Rule of Civil Procedure 183, and that by allowing him to testify after a four-day recess and immediately prior to submission of the case to the jury (defendant presented no evidence) his testimony was unduly emphasized.

In support of his continuance application, the assistant county attorney stated that a subpoena for Niederhauser was issued on May 27. An officer of the Cedar Falls police department called Niederhauser's home in advance of the attempted service, and was advised that he would not be there when the officers arrived. An unsuccessful attempt was made to serve the subpoena, and it was returned unserved on May 31, the first day of trial. Before its commencement, the county attorney's office had proposed to continue the entire trial because of Niederhauser's absence. The time for trial was still well within the 60-day mandate of chapter 795, The Code (1975). However, when it appeared that another witness had already been brought from Birmingham, Alabama, to testify, it was decided to proceed with the available witnesses on May 31 and attempt to delay testimony of Niederhauser until after the weekend.

Defendant's attorney accepted this recitation of facts at the continuance hearing, but contended that defendant would be prejudiced by delay in presenting testimony by Niederhauser and that because the state knew as early as April 22 that the trial was set for May 31, its failure to make a timely effort to subpoena the witness before May 27 showed a lack of due diligence. After hearing the statements of counsel, the court granted the application and ordered the trial adjourned until the following Monday, June 6. Niederhauser testified on that date and the State rested. Defendant rested without presenting any testimony, and the matter was submitted to the jury on the same afternoon.

Rule of Civil Procedure 183 is made applicable to criminal cases by § 780.2, The Code. *See also State v. Jacoby*, 260 N.W.2d 828, 833 (Iowa 1977). That rule provides, in relevant part:

A continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained.

This court in *State v. McGinnis*, 243 N.W.2d 583, 586 (Iowa 1976), stated:

It is well settled that granting or refusing a motion for continuance is addressed to the sound discretion of the trial court. The discretion is very broad. The trial court's ruling on a motion for continuance will be disturbed only where it appears that the trial court has abused its discretion.

Defendant contends that the state failed to comply with Rule 183(b), which provides that the applicant must show by affidavit "[w]hat efforts, constituting due diligence, have been made to obtain" such testimony, what particular facts are sought to be presented, and that the applicant "knows of no other witness by whom they can be fully proved." He contends that the matters relied upon in support of the motion do not show due diligence, and furthermore the state failed to establish that the same evidence could not be presented by other witnesses who were available.

Abuse of discretion was discussed in *State v. Warner*, 229 N.W.2d 776, 783 (Iowa 1975). This court quoted a Michigan case with approval as follows:

The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

■ We find no abuse of discretion here. The county attorney's office had secured a subpoena four days before trial, and did not learn for certain until the first day of trial that it could not be served. Although four days were involved in the continuance, it actually was only one and one-half court days, from Thursday afternoon until Monday.

Defendant contended in oral argument that our approval of the continuance here would constitute a precedent for abusive use of such motions in the future by allowing the state to "save" a strong witness until after a lapse of time, thereby emphasizing his testimony, and gaining an advantage of recency with the jury.

There was no evidence that this was standard procedure for the prosecuting attorney; there was evidence that this was the only instance in at least a two-year period when he was unable to secure the attendance of a witness at trial. Furthermore, it would appear that any such planned delay would be just as prejudicial to the state, which has the burden of proof. Any advantage of recency of the delayed evidence would be diminished by increasing remoteness of prior evidence. Here, several witnesses, including the victim, had testified before the continuance.

■ The state did not show there were no other witnesses who could testify as to the same matters as Niederhauser. In fact,

other witnesses did testify as to identification of the defendant. However, it is not grounds for denying a continuance that another witness can testify as to the same general subject matter; he must also be able to testify to the "same extent" as the absent witness. *Welsh v. Savery,* 4 Iowa 241, 244 (1857). Here, even defendant's counsel stated at the continuance hearing that Niederhauser's testimony was unique in that he was "the only witness that might reasonably identify the defendant through a photo identification. . . ." His testimony would, therefore, not be merely cumulative. We find no abuse of discretion in the trial court's granting a continuance to permit it.

## II. Defendant's requested identification instruction.

At the conclusion of the evidence, defendant filed a requested instruction concerning factors for the jury to consider in weighing the identification evidence. The trial judge's memorandum revealed the proposed instructions were submitted to counsel at approximately 10:30 a. m. No record appears of any objections to the proposed instructions. The requested instruction was filed at 11:30. Commencing at approximately 1:30 p. m. a hearing was held on defendant's motion to dismiss and for mistrial. Immediately upon disposing of these motions, the court and counsel proceeded to the matter of instructions in this manner:

THE COURT: With respect to your motion to dismiss as dictated into the record, I am going to overrule it with respect to each paragraph and each ground individually.

O.k. Now the instructions. Are you ready to go on those, or do you want a few minutes?

MR. PARRISH: Right. I'm all set.

[discussion off record]

MR. PARRISH: Your Honor, the record should show that the defendant's counsel has had an opportunity to review the instructions and that he has no objections or exceptions to the instructions.

However, he does have one addition and that is the addition of the eyewitness testimony, personal observation [instruction], which he has provided the Court with a copy of earlier. . . .

The defendant's counsel then stated the reasons why the court's Instruction 12 did not deal as adequately with the specific area of identification as did his requested instruction. The court said:

I am going to overrule that objection. I have noted that this is a requested instruction from the defendant filed [at] 11:30 on June 6, 1977. It will go in the file so that it is a matter of record.

The court then specifically stated the reasons for refusing the request.

The State contends on appeal that the defendant may not rely upon the court's refusal to give his requested instruction because he "did not except" to the trial court's refusal to give it.

Rule of Civil Procedure 196, made applicable to criminal trials by § 780.35, The Code, provides in relevant part:

Before argument to the jury begins, the court shall furnish counsel with a preliminary draft of instructions which it expects to give on all controversial issues, which shall not be part of the record. Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record . . . specifying the matter objected to and on what grounds.

■ This rule contemplates two sets of instructions, perhaps identical in content, to be submitted to counsel, one "preliminary" and one in "final form." *See State v. Horstman,* 222 N.W.2d 427, 430 (Iowa 1974). Counsel are not required to make any record after the first stage but must after the last under penalty of waiving any possible objections for purposes of appeal.

The parties here were given instructions, designated as "proposed," according to the judge's memorandum, but no instructions designated as "final form" are shown to have been furnished for counsel. The defendant approved the instructions on the record as quoted above, but stated that he also wanted his requested instruction, filed earlier, to be submitted, giving his reasons. Apparently the state contends this was only his "request" for the giving of the instruction and not an "objection" to the court's failure to give it. It claims that by making no further objection after this "request" defendant failed to preserve error.

Defendant, on the other hand, contends this statement was itself an objection. Rule 196 provides that "objections" follow the court's furnishing "final form" instructions but precede jury arguments. Were the instructions referred to by defendant "preliminary" or "final form"? The trial court appeared to treat them as final, stating in his notes that following rulings on defense motions, "[t]he objections to instructions and requested instructions were ruled upon." This "objection" and the court's ruling on it were stated on the record, as required by rule 196. It is clear that these instructions, as to which defense counsel made his statement to the court regarding the requested instruction, were submitted to the jury in form identical to the "proposed" instructions, and were "final" in every respect except to be so designated. In any event, whether the instructions defendant sought to supplement with his requested charge were designated as "preliminary" or "final" does not appear to be critical in determining sufficiency of defendant's record. In the similar case of *State v. Watts*, 223 N.W.2d 234, 236 (Iowa 1974), the trial court submitted instructions to the attorneys only once, and they were identified as "proposed instructions." They were identical to those finally submitted to the jury. The defendant's objection to the court's failure to submit a requested instruction on intent was made, on the record, following receipt of these "proposed" instructions and was not repeated thereafter. This court stated this was sufficient compli-

ance with rule 196 to preserve the claimed error, holding in effect these were instructions in "final" form for purposes of determining sufficiency of objections to failure to instruct. *See also, State v. Baskin*, 220 N.W.2d 882, 884–6 (Iowa 1974). *Cf. State v. Horstman*, 222 N.W.2d 427, 430 Iowa 1974) (use of word "proposed" in designating instructions as "proposed final instructions" merely recognition of court's power to alter before reading to jury).

The purpose of requiring compliance with rule 196 procedure is to "fully [alert] the trial court to the point of law and question of fact on which he relies in urging the requested instruction be given." *State v. Tomlinson*, 243 N.W.2d 551, 553 (Iowa 1976).

Here, defendant advised the court what he wanted and why; the court ruled upon the matter before arguments to the jury; and it was all on the record. We conclude these instructions as to which the record was made were "final" instructions for purposes of determining sufficiency of defendant's record on failure to give his requested instruction, and that the record so made was an "objection" sufficient to preserve the matter for appeal. *State v. Kramer*, 231 N.W.2d 874, 877 (Iowa 1975), relied upon by the state to show lack of error preservation, is distinguishable, as is the case of *State v. Feddersen*, 230 N.W.2d 510, 516 (Iowa 1975), which is relied upon by *Kramer*. In both of those cases, we found that no objection was made to the court's failure to give a requested instruction. In this case we find defendant did so object and preserved error as to that issue.

We therefore reach the issue of whether it was error to refuse defendant's requested instruction, which would have charged the jury that:

Personal identification is a matter of opinion or belief, finding on facts which may be an infrequent or difficult of explanation or communication to a stranger, and therefore as to such fact the opinion of a witness is competent, even though such witness is unable to fully detail the

various facts seen and observed by him upon which such opinion is founded. The question of identification, therefore, the value of an opinion expressed by a witness depends upon the knowledge the witness has of the person attempted to be identified; the extent of his acquaintance or lack of it, the opportunity such witness has had for observation, and the circumstances surrounding the transaction in question, whether such is to be likely to impress upon the witness the appearance and personal characteristics of the party under consideration or otherwise. It is not necessary that such an opinion should be formed at the time a person sought to be identified was seen by the witness but when such an opinion is formed it must be the result of the recollection of the person seen and the facts connected with the scene and not from information derived from others.

This requested instruction was based upon an analysis of identification reliability set out in *State v. McManus*, 263 N.W.2d 556, 558–9 (Ia.Ct.Apps.1977). The five-factor test set out there, based upon *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140, 154 (1977), was used to make a judicial determination of reliability of in-court identification to determine its admissibility. *Manson* said these were "factors to be considered," but were not proposed as a form of jury instruction.

The trial court ruled, and the state contends on appeal, that Instruction 12 submitted the same matters to the jury with different wording. It followed Iowa Uniform Instruction (Criminal) 501.5, which told the jury that in passing upon the credibility of witnesses it should consider, among other matters, the strength of the witness' memory, means of his knowledge, elapsed time, the reasonableness and probability of the witness' statements, whether the testimony was corroborated or contradicted by other evidence and "all other facts and circumstances."

Instruction 12, as given by the court, stated:

You are the sole judge of the weight of the evidence, the credibility of the witnesses, and the conclusion to be drawn from the facts and circumstances proved.

If the testimony, or any part of it, is conflicting, you will reconcile it, if you can, so that it may all have weight and effect, but if you cannot, you will then give credit to the testimony of those witnesses that to you, as fair-minded persons, seem most entitled thereto.

In passing on the credibility of the witnesses and weighing their testimony, you should consider their appearance and conduct on the witness stand; their age, intelligence, strength of memory and means of knowledge whereof they speak; their interest or lack of interest in the result of the trial; their relation or feeling, if any, towards the parties; the motives, if any, actuating them as witnesses; their candor; fairness; bias or prejudice; the time which has elapsed since the occurrence of which they testify; the reasonableness and probability of their statements or the want thereof; whether their testimony is corroborated or contradicted by other witnesses or by facts proven; and from all of these and all other facts and circumstances proven upon the trial determine whether to give credit and where to withhold the same, and give to the testimony of each witness the weight to which you believe it is fairly entitled.

◼ Defendant's requested instruction limited its consideration to the specific area of witness identification. However, the bases for determining weight and credibility of evidence set out in Instruction 12 were broad enough to cover the specific factors set out in the requested instruction, and defendant's attorney would be free to argue, within the broad concepts of Instruction 12, their specific application to identification testimony. A trial court is not bound to any model or form in wording instructions, and a requested instruction may be properly refused if the points raised are otherwise substantially covered. *State v. Tensley*, 249 N.W.2d 659, 662 (Iowa 1977).

■ The requested instruction dealt only with identification evidence, although other evidence was produced, including items of clothing seized under warrant. In *State v. Milliken*, 204 N.W.2d 594 (Iowa 1973), instructions were given concerning (1) the odor of alcohol on defendant's breath, and (2) the proposition that the state need not establish how many drinks defendant had consumed, only that he was intoxicated. This court said:

> The evil attendant upon instructions such as [set out above] is that they tend to lead a jury to disassociate the evidence thus emphasized from all other evidence they are duty bound to consider. The proper practice is to give a general instruction . . . applicable to all witnesses alike.

204 N.W.2d at 596–7. *See also State v. Fedderson*, 230 N.W.2d 510, 515 (Iowa 1975).

In *State v. Hall*, 235 N.W.2d 702, 725 (Iowa 1975) defendant requested three instructions which were refused. One dealt with specific testimony of a fingerprint expert, another with specific items of evidence found during the investigation, and the third would have stated to the jury that the defendant's presence at the crime scene was not alone sufficient for conviction. This court said that "[t]he first two of these requested instructions if given, would have constituted judicial comment of doubtful propriety on the evidence. . . . The last [requested instruction] was adequately covered by the general instructions as to what the State must prove in order to convict defendant." We held there the request was properly refused.

In *Upton v. Paxton*, 72 Iowa 295, 33 N.W. 773 (1887) a plaintiff requested an instruction dealing specifically with prior inconsistent statements tending to impeach the defendant. The trial court was held to have properly refused the request on the ground that a general instruction on weight and credibility of witnesses, similar to that here, was sufficient, and a specific instruction on impeachment was not required. The court said:

> With this general direction before [the jury], they could hardly have failed to consider the fact in question [impeachment] in determining what weight should be given to the testimony of that particular witness, although their attention was not specifically called to it by the instructions of the court.

72 Iowa at 301, 33 N.W. at 776.

We hold that Instruction 12 adequately informed the jury as to those principles sought to be submitted through defendant's requested instruction, and it was therefore not error to refuse it.

### III. Alleged misconduct of prosecutor.

During the state's final argument, in a portion which was not reported, the assistant county attorney apparently said that all of the witnesses testified the robber had a mustache, then looked at defendant and said "I don't know whether Mr. Wright has a mustache or not." His objection is that this was an impermissible comment on defendant's failure to testify. Defendant's attorney stated in his mistrial motion that "[defendant's] physical being at this time in regard to his mustache, is not an issue, which would have been at issue had he taken the stand."

■ Witnesses are allowed to point out a defendant in the courtroom as the person who committed a crime without violating his privilege against self incrimination. *State v. Jensen*, 216 N.W.2d 369, 374 (Iowa 1974). The basis for defendant's claim here is not clear. Is he saying that the prosecutor, in effect, told the jury that "I haven't been able to tell if the defendant has a mustache, because he didn't get on the witness stand so I could see him?" If this was defendant's claim, it was not stated to the trial judge. Such an interpretation of the statement would, furthermore, not be reasonable. The defendant was present during all of the proceedings, and the mustache, or absence of it, would be as easily observed from his position at the counsel table as from the witness stand. The trial court correctly denied the motion for mistrial.

■ Defendant also claims the court erred in refusing a new trial because of the prosecutor's alleged misconduct in telling witness Niederhauser, prior to his testifying, that the defendant had been charged with murder as a juvenile. The trial court found this was not sufficiently prejudicial to grant a new trial. Defendant cites no authority for this proposition, and therefore could be deemed to have waived the issue on appeal. Rule 14(a)(3), R.App.P. In any event, we find no merit in this contention. There was no showing, nor even any claim, by the defendant, that such information affected the witness' testimony.

■ In matters involving claimed prosecutorial misconduct, the trial court is vested with broad discretion in determining whether alleged misconduct was sufficient to deny a defendant a fair trial, and only when this discretion is abused will this court interfere. *State v. Swallom*, 244 N.W.2d 321, 325 (Iowa 1976). We find no abuse of discretion here.

We find no reversible error.

AFFIRMED.