Larry Eugene SPRATT, Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 2–65510.

Court of Appeals of Iowa.

Nov. 24, 1981.

James Cleary, Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Shirley Steffe, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

DONIELSON, Judge.

The petitioner-defendant appeals from the trial court's denial of his petition for postconviction relief, which challenged his 1977 conviction for breaking and entering with intent to commit a public offense, to-wit: larceny. Defendant contends that: (1) the prosecutor at his 1977 trial suppressed exculpatory evidence, (2) certain instructions shifted the burden of proof on the presence of criminal intent from the state to the defense, and (3) that his attorney in the 1977 trial rendered ineffective assistance. We affirm.

■ Postconviction review proceedings are an action at law, triable to the court. *State v. Mulqueen,* 188 N.W.2d 360, 362 (Iowa 1971). Our review is not ordinarily de novo. *State v. Master,* 196 N.W.2d 548, 550 (Iowa 1972). However, when issues as to the violation of constitutional safeguards are raised this court is obliged to make an independent evaluation of the totality of the relevant circumstances shown by the entire record under which rulings on those constitutional rights were made. That is, when a constitutional issue is presented, the evidence relevant to the issue is reviewed de novo. *Rinehart v. State,* 234 N.W.2d 649, 658 (Iowa 1975).

I.

Defendant was apprehended by police officers of Logan, Iowa, on January 3, 1977, after he and another unknown individual were observed entering the Harr-Mona Farm Service building in Logan, Iowa. The unknown individual was not apprehended, but two other individuals, a Mr. Joles and a Mr. Koger, were apprehended driving in the same area at approximately the time defendant and the unknown individual were first seen by the police. The defendant,

Joles, and Koger were all arrested, but charges were subsequently dismissed against Joles and Koger.

Defendant contends that the charges against Joles and Koger were dismissed for lack of evidence to show any conspiracy between the three: The state contends, however, that while the charges were dismissed for insufficient evidence, the record does not indicate in what respect the evidence was insufficient. The state also claims that the record does not support defendant's allegation that defendant's trial "counsel had been told and learned from the prosecution that the charges were dismissed due to failure to prosecute and a flaw in the charging process rather than dismissed for lack of evidence."

Defendant was subsequently convicted in 1977 for violating section 708.8, The Code 1977. Defendant's direct appeal was dismissed as frivolous and he did not contest the dismissal. In 1979, defendant filed the present action for postconviction relief, which was denied by the trial court, after a hearing in March, 1980. Defendant then instituted this appeal.

## II.

Defendant claims that the real reason for dismissing charges against Joles and Koger[1] is exculpatory evidence under *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Defendant claims the allegedly suppressed evidence was "material" and "might have affected the outcome of the trial;" therefore, he was denied a fair trial as mandated by the fourteenth amendment to the federal constitution. We disagree.

■ Our analysis follows that of *State v. Love*, 302 N.W.2d 115, 123 (Iowa 1981), and is guided by two factors: "the nature of the defendant's request and the materiality of the evidence." *Id.* If defendant had made a pretrial request for specific evidence which was not disclosed, then the correct test for materiality would be whether the suppressed evidence might have affected

the outcome of the trial. *Id.*, *see Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963). In the instant case the defense made no request for *Brady* material; therefore, defendant is entitled to a new trial only "if the omitted evidence creates a reasonable doubt that did not otherwise exist." *Agurs*, 427 U.S. at 112, 96 S.Ct. at 2401, 49 L.Ed.2d at 355. *Armento v. Baughman*, 290 N.W.2d 11, 16 (Iowa 1980).

■ The prosecutor voluntarily turned over all police reports to the defendant's counsel and since the disposition of the charges against both Joles and Koger was a matter of public record, the prosecutor was under no duty to make a disclosure. *See State v. Hall*, 249 N.W.2d 843 (Iowa 1977). Our review of the record does not support defendant's assertion that evidence was suppressed, because it was available from a nonprosecutorial source. *C.f. United States v. Weidman*, 572 F.2d 1199, 1207 (7th Cir. 1978). Furthermore, even if we believed that there had been a suppression of evidence in this case, the evidence in question would not create a reasonable doubt that did not otherwise exist.

## III.

■ Defendant next argues that he was denied due process of law by jury instructions numbers 7 and 11 which unconstitutionally shifted the burden of proof to defendant. We find that the trial court correctly denied postconviction relief on this ground. At the time of defendant's trial the instructions in question met the approval of both the Iowa State Bar Association and the Iowa Supreme Court. Defendant's trial attorney did not, therefore, object to the instructions. Defendant's direct appeal was dismissed on March 28, 1978, as frivolous pursuant to Iowa R. App. P. 104. Defendant did not resist the dismissal and proceeded to file for postconviction relief on February 2, 1979. Defendant's failure to contest the dismissal prevents issues which

1. I.e. that there was insufficient evidence of a conspiracy between defendant, Joles, and Koger.

could have been presented upon direct appeal from being embraced in a petition for postconviction relief under § 663A.8, The Code 1981. *See Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 34 (Iowa 1979). Furthermore, the failure to object would preclude raising this issue on direct appeal and thus also bar the issue in a postconviction proceeding. *See* Iowa R. Civ. P. 196, made applicable to criminal trials by section 780.35, The Code 1975; *State v. Wright*, 274 N.W.2d 307, 311 (Iowa 1979).

We recognize that defendant in essence requests retroactive application of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). However, we will not apply *Sandstrom* retroactively to this case because we find that the retroactivity was nullified by the rule that "failure to object to a jury instruction is waiver of any claim of error." *Hinkle v. State*, 290 N.W.2d 28, 29, 35 (Iowa 1980).

### IV.

■ Defendant alleges he was denied effective assistance of counsel because his trial attorney failed to discover arguably exculpatory evidence that was in the public record and because the trial attorney failed to object to certain jury instructions. Defendant has the burden to establish his claim of ineffective assistance of counsel by a preponderance of the evidence. *Kellogg v. State*, 288 N.W.2d 561 (Iowa 1980). We find that he has failed to meet that burden. Defendant's trial attorney did know that the charges against Joles and Koger were dismissed; the fact that he was not correct as to the reason for dismissal is insufficient to find ineffective assistance of counsel. The record does not indicate where he obtained this information. We also find that the failure to object to jury instructions which were considered constitutionally acceptable at the time they were given is not convincing evidence of ineffective assistance of counsel.

AFFIRMED.