Dabra OSTREM, Executor of the
Sandra K. Biddle Estate,
Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee.

No. 01–1384.

Supreme Court of Iowa.

June 11, 2003.

Robert A. Wright, Jr., of Wright &
Wright, Des Moines, for appellant.

Henry A. Harmon and Michael A. Car-
money of Grefe & Sidney, P.L.C., Des
Moines, for appellee.

LARSON, Justice.

This is a suit by the executor of the
estate of Sandra K. Biddle against the
driver of a vehicle that struck the Biddle
car. The jury found against the plaintiff,
and the plaintiff appealed the resulting
judgment. We affirm.

I. *Facts and Prior Proceedings.*

Sandra Biddle was injured when a car
driven by Martha Hiracheta struck the
rear of the vehicle in which Sandra was a
passenger. Ms. Hiracheta's insurance pol-
icy provided $100,000 in liability coverage,
but Sandra settled for $41,500 with Hi-
racheta's insurance carrier. Sandra then
sued State Farm, the insurer of the car in
which she was riding, claiming her dam-
ages exceeded the policy limits of Hirache-
ta's carrier.

Sandra died on April 16, 2001, from causes unrelated to the accident, and her estate was substituted as the plaintiff. The case was tried to a jury, which was advised in the marshaling instruction:

> For Plaintiff to recover upon her claim, she must prove all of the following propositions:
>
> (1) The parties have stipulated that the Plaintiff was insured by Defendant State Farm Mutual Automobile Insurance Company for underinsured motorist coverage. As such, this element has been proven.
>
> (2) Defendant Hiracheta is legally liable for Sandra Biddle's bodily injuries as determined in accordance with Instruction Nos. 13.
>
> (3) The nature and extent of the Plaintiff's damage.
>
> (4) *The Plaintiff's damages exceed the policy limits of Defendant Hiracheta's insurance policy. The limits of Defendant Hiracheta's insurance policy [were] $100,000.*
>
> If the Plaintiff has failed to prove any of these propositions, the Plaintiff is not entitled to damages. If the Plaintiff has proved all of these propositions, the Plaintiff is entitled to recover the amount by which the Plaintiff's damages exceeded the policy limits of Defendant Hiracheta's insurance, subject to the limits of Defendant's policy.

(Emphasis added.) During its deliberations, the jury sent out three questions for the court, "we need a definition of mitigate," "can we factor the earlier settlement from Ms. Hiracheta's insurance co. into our discussion," and "did she receive the $100,000." None of the questions were answered, due to the unavailability of the court and the plaintiff's attorney.

The verdict form gave the jury spaces to answer questions and also spaces to indicate damages. Under question 4, the jury was to list "the amount of damages sustained by the plaintiff proximately caused by Martha Jane Hiracheta's fault as to each of the following items of damage. . . ." The jury then listed $3000 for past medical expenses and $80,000 for past pain and suffering, for a total of $83,000.

In the judgment entry, the court stated that the "verdict does not exceed the policy limit of $100,000 for Martha Jane Hiracheta. Therefore, this underinsured motorist claim against Defendant State Farm does not result in a judgment for Plaintiff."

Sandra moved to reform or amend the jury verdict and moved for a new trial. She claimed that the clear intent of the jury was to award her damages of $83,000 above the $100,000 policy limit. She also claimed, in the motion for a new trial, that the jury should have been instructed on lost wages. The court denied both motions, and the plaintiff appealed.

## II.  *The Issues.*

Two issues are raised on the plaintiff's appeal: (1) the court's refusal to amend the verdict to show the $83,000 damages found by the jury were intended to be in addition to the $100,000 of liability limits under Hiracheta's policy, and (2) the court erred in failing to submit lost wages as an element of damages.

## III.  *Amendment of the Verdict.*

■ The estate argues that the marshaling instruction made it clear to the jury that it was to award damages only if they "exceeded the policy limits of defendant Hiracheta's insurance policy." Therefore, when the jury returned a verdict for $83,000, it must have intended this to be in addition to the $100,000 liability under the tortfeasor's policy. State Farm responds that this is not a logical assumption because, regardless of the reference in

the marshaling instruction to the $100,000 of liability coverage, there was no statement in the instructions that would inform the jury that the damages found in its verdict form would be in addition to the $100,000 liability limits.

No doubt it would have been less confusing to the jury if the $100,000 had not even been mentioned in the court's instructions, but it was. This information was conveyed to the jury at the request of the plaintiff and over the objection of the defendant. The confusion could have been avoided also if the verdict form would have said to "state the amount ... over and above the $100,000 limits of the Hiracheta policy," but it did not.

The plaintiff asked the court to reform the jury's verdict to, in effect, change it to read $183,000 instead of $83,000. The general rule is that

[a] trial court is vested with a very limited power to correct a jury verdict which is defective in form, but which in substance *clearly and definitively expresses the jury's intentions.* The trial court can correct, remold, or reform such a verdict so as to express the jury's clear and definitely manifested intention. The correction of a jury verdict may be appropriate in those exceptional situations *where it is clear that there has been a mere ministerial error in reporting the verdict.*

75B Am.Jur.2d *Trial* § 1886, at 619 (1992) (emphasis added) (footnotes omitted). Further,

[a] trial court may amend a verdict in matters of form, but not of substance. A change of substance is a change affecting the jury's underlying decision, but a change in form is one which merely corrects a technical error made by the jury. The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs. After the amendment, the verdict must be not what the judge thinks it ought to have been, but what the jury intended it to be.

*Id.* at 620 (footnotes omitted).

Our cases have recognized the authority of the court, in very limited circumstances, to amend a jury verdict. For example, in *Weatherwax v. Koontz,* 545 N.W.2d 522 (Iowa 1996), the district court was asked to amend a verdict to increase the amount of it. In that case, there was evidence that jurors were confused about what they thought the amount of the verdict should be. Affidavits of jurors had been admitted by the trial court (a practice we have criticized) showing:

One juror stated a total figure of $961,340 was discussed, another claimed the figure was $697,000, and still others contended no damage amounts were agreed upon other than the [actual verdict of] $96,134.

*Weatherwax,* 545 N.W.2d at 525.

Under these confusing circumstances, we concluded "[t]he record falls far short of revealing any conclusive finding by the jury of a larger amount than that entered as a verdict. Here the motion for reformation of the verdict was correctly denied." *Id.* Similarly, in *Rutledge v. Johnson,* 282 N.W.2d 111 (Iowa 1979), a case that involved the analogous remedy of recalling the jury to correct its verdict, we recognized in dictum the authority of the district court to reform a jury verdict if the "certain intention of the jury is evident...." *Rutledge,* 282 N.W.2d at 115; *accord* 89 C.J.S. *Trials* § 908, at 531 (2002) ("The court has the power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury, and carry its findings into effect, *where the intention can be ascer-*

*tained with certainty."* (Emphasis added.)).

Neither *Weatherwax* nor *Rutledge* discusses the standard for reviewing a district court's ruling on a motion to amend a verdict, but in analogous cases involving additurs and remittiturs, we have said:

> The district court may grant an aggrieved party a new trial when the jury awards excessive or inadequate damages, or when the verdict is not sustained by sufficient evidence, or is contrary to law. The district court has considerable discretion in ruling upon a motion for new trial based upon the ground that the verdict was inadequate.... [W]e will not ordinarily disturb its discretion to grant or deny the motion unless an abuse of discretion is shown.

*Fisher v. Davis,* 601 N.W.2d 54, 57 (Iowa 1999) (citations omitted); *see also Maize v. Atl. Refining Co.,* 352 Pa. 51, 41 A.2d 850, 854 (1945) (amendment of verdict to show clear intent of jury is "a matter within the sound discretion of the court").

An illustration of the proper amendment of a verdict is found in *State v. Garrett,* 516 N.W.2d 892 (Iowa 1994). In *Garrett* the verdict and the court's instructions clearly showed an error in the verdict. The jury found the defendant guilty of criminal "mischief" because that is the way the verdict was phrased when it should have been criminal "trespass." We ordered the case remanded with directions to the district court to amend the verdict. *Garrett,* 516 N.W.2d at 896.

We conclude our review of a court's ruling on a motion to amend the verdict should be for abuse of discretion. Here, we conclude that the district court did not abuse its discretion in denying the amendment. While the instructions might well be characterized as confusing, the evidence presented certainly cannot be characterized as a "conclusive finding by the jury of a larger amount than that entered as a verdict." *Weatherwax,* 545 N.W.2d at 525.

## IV. *The Loss of Wages Issue.*

The plaintiff requested this instruction:

> If you find Sandra Biddle is entitled to recover damages, you shall consider the following items:
>
> . . . .
>
> (2) The reasonable value of lost wages from the date of the accident to the date of Sandra Biddle's death.

The court did not give the requested instruction or any other instruction on lost wages, and the plaintiff raises this as an issue on appeal. The defendant responds (1) the plaintiff's evidence of lost wages was insufficient to submit the issue, and (2) the plaintiff failed to object to the court's failure to submit lost wages as an element of damages. Iowa Rule of Civil Procedure 1.924 (formerly rule 196) provides in part:

> Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal.

In *State v. Wright,* 274 N.W.2d 307 (Iowa 1979), we adopted a pragmatic view of this rule, holding that when a court gives only one set of instructions, rather than both a "preliminary" and "final" set as contemplated by rule 196, strict adherence to the

procedure of rule 196 is not required. In *Wright* the defendant requested an instruction on the reliability of eyewitness testimony at the instruction conference on the record, just prior to jury arguments. The court refused the requested instruction, and the defendant raised the issue on appeal. We recognized that

> [t]he purpose of requiring compliance with rule 196 procedure is to "fully (alert) the trial court to the point of law and question of fact on which he relies in urging the requested instruction be given."

*Wright,* 274 N.W.2d at 312 (quoting *State v. Tomlinson,* 243 N.W.2d 551, 553 (Iowa 1976)). In *Wright,* despite the court's failure to designate the instructions as "final" so as to trigger the rule's requirement for specific objections, we held the instruction issue was properly raised in the district court because the

> defendant advised the court what he wanted and why; the court ruled upon the matter before arguments to the jury; and it was all on the record. We conclude these instructions as to which the record was made were "final" instructions for purposes of determining sufficiency of defendant's record on failure to give his requested instruction, and that the record so made was an "objection" sufficient to preserve the matter for appeal.

*Id.*

In the present case, no record was made on the failure of the court to instruct on lost wages. Although the plaintiff filed a requested instruction on lost wages, there is no showing that she alerted the court or opposing counsel to the issue. Merely filing a requested instruction, without making a record with regard to the matter,

does not even amount to substantial compliance with rule 1.924, as in *Wright.*

**AFFIRMED.**