■ BARBARA KELLY, Appellant, v DEFOE CORP., Also Known as DEFOE CONSTRUCTION CORP. et al., Respondents. [636 NYS2d 123] —In an action to recover damages for fraud and breach of an employment contract, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered September 29, 1994, as, upon reargument, adhered to its prior determination striking the claim for punitive damages asserted in the plaintiff's first cause of action, and (2) so much of an order of the same court, entered February 14, 1995, as denied her motion for leave to amend the complaint to replead a claim for punitive damages in the first cause of action.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

It is well settled that punitive damages may not be awarded to redress a private wrong, and, accordingly, that such damages are not available "in the 'ordinary' fraud and deceit case" *(Walker v Sheldon,* 10 NY2d 401, 405; *see also, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Mom's Bagels v Sid Greenebaum, Inc.,* 164 AD2d 820). Punitive damages may only be recovered in a fraud action where the fraud is aimed at the public generally, is gross, and involves high moral culpability *(see, Walker v Sheldon, supra,* at 405). At bar, the gravaman of the plaintiff's

complaint is that the defendants made fraudulent misrepresentations which induced her to accept employment with the defendant Defoe Corp. Although the plaintiff additionally asserts that these misrepresentations were repeated to members of the general public, the record is devoid of any indication that the alleged misrepresentations were aimed at the public, that any member of the public relied upon these misrepresentations, or that these misrepresentations caused injury to any individual other than the plaintiff. Moreover, the conduct alleged by the plaintiff has not been shown to be so "willful and wanton", outrageously immoral, or criminal as to warrant an award of punitive damages (see, Gilbin v Murphy, 73 NY2d 769; Sforza v Health Ins. Plan, 210 AD2d 214). Under these circumstances, we find that the Supreme Court properly struck the claim for punitive damages asserted in the plaintiff's complaint, and denied her motion to amend her complaint to replead a claim for such damages. Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.