■ PATRICK J. HOEFFNER, Appellant, v ORRICK, HERRINGTON & SUTCLIFFE LLP et al., Respondents. [924 NYS2d 376]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 3, 2011, which, to the extent appealed from, granted defendants' motion for an order striking the demand for punitive damages, and denied plaintiff's cross motion for an order permitting plaintiff to seek full economic damages on his claim of conspiracy to commit fraud, unanimously affirmed, without costs.

Plaintiff was an associate at defendants' firm when two of its partners left to open a intellectual property practice at another firm. This new firm offered plaintiff a "partnership track" position with a salary increase and signing bonus. Plaintiff commenced this action alleging that, from March 2002 to May 2005,

defendants entered into a deceitful scheme to prevent him from leaving the firm at a point in time when he was the key associate on patent infringement litigation for an important client. Plaintiff claims that, while he was promised that he would be voted on for partnership, and assured that he would eventually be made partner, his employment was terminated soon after he successfully concluded the litigation which the firm had been eager to keep.

Punitive damages are not available "in the ordinary fraud and deceit case" (*Walker v Sheldon*, 10 NY2d 401, 405 [1961] [internal quotation marks and citation omitted]), but are permitted only when a "defendant's wrongdoing is not simply intentional but 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations' " (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007], quoting *Walker* at 405). Mere commission of a tort, even an intentional tort requiring proof of common-law malice, is insufficient; there must be circumstances of aggravation or outrage, or a fraudulent or evil motive on the part of the defendant (*Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993]).

Neither defendants' alleged misrepresentations concerning their support for plaintiff's partner candidacy, nor the breach of their contractual promise to put him up for a partnership, evidence such a high degree of moral turpitude and wanton dishonesty as to imply criminal indifference. Cases involving mere fraudulent misrepresentations to induce a party to accept an employment agreement, do not warrant imposition of punitive damages (*see Kelly v Defoe Corp.*, 223 AD2d 529 [1996]).

As for plaintiff's cross motion, it is well settled that New York does not recognize an independent civil tort of conspiracy (*Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424, 425 [2006]; *see Algomod Tech. Corp. v Price*, 65 AD3d 974 [2009], *lv denied* 14 NY3d 707 [2010]). While a plaintiff may allege, in a claim of fraud or other tort, that parties conspired, the conspiracy to commit a fraud or tort is not, of itself, a cause of action (*see MBF Clearing Corp. v Shine*, 212 AD2d 478, 479 [1995], citing *Brackett v Griswold*, 112 NY 454 [1889]).

Given that civil conspiracy is not an independent tort, it cannot have its own independent measure of damages; any damages attributable to plaintiff's conspiracy claim exists only *within* those damages that may be assessed for fraud. Those damages, as previously determined by this Court, are "the difference between the immediately payable portion of the other firm's offer, such as the signing bonus, and the sum [plaintiff]

received from defendant law firm immediately after agreeing to remain with defendant" (*Hoeffner v Orrick, Herrington & Sutcliffe LLP*, 61 AD3d 614, 615 [2009], citing *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421-422 [1996]; *Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). We have previously held that plaintiff's damages may not include any amount based on continued employment with the other firm, since the duration and success of his career with that firm are speculative (*Hoeffner* at 615). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ. .