Michael L. **PASTERNAK**, Plaintiff,

v.

**DOW KIM a/k/a Do Woo Kim,** Defendant.

**No. 10 Civ. 5045(LTS)(JLC).**

United States District Court, S.D. New York.

Aug. 22, 2011.

Thomas Alan Holman, Holman Law Office, New York, NY, for Plaintiff.

Jed Matthew Weiss, Cole, Schotz, Meisel, Forman & Leonard, P.A., New York, NY,

Leonel V. Leyva, Cole Schotz Meisel Forman & Leonard, P.A., Hackensack, NJ, for Defendant.

## MEMORANDUM AND ORDER

JAMES L. COTT, United States Magistrate Judge.

By letter dated August 4, 2011, Plaintiff Michael L. Pasternak has requested permission to move pursuant to Rule 37(a)(3)(B)(i) of the Federal Rules of Civil Procedure to compel Defendant Dow Kim to answer questions that were posed during the course of his continued deposition on July 7, 2011 related to Kim's financial status, and to compel the production of financial statements, statements of net worth, loan applications, and bank and brokerage account statements for the period 2008 to the present ("Kim's financial documents"). If the Court orders production of Kim's financial documents, Pasternak has said that he would prefer to reopen Kim's deposition only if the documents are insufficient to determine Kim's financial status.

Pasternak argues that he is entitled to this discovery because he is seeking punitive damages in this fraud case. While he acknowledges that there are cases holding that mere fraudulent misrepresentations to induce an employment agreement do not warrant the imposition of punitive damages, Pasternak Letter dated August 4, 2011 at 4 n. 4 (citing *Hoeffner v. Orrick Herrington & Sutcliffe LLP*, 85 A.D.3d 457, 924 N.Y.S.2d 376 (1st Dep't 2011)), Pasternak contends that he has alleged that Kim's conduct was "gross, wanton, and willful" such that punitive damages are appropriate, as is discovery related to them. Pasternak August 4 Letter at 3–4.

By letter dated August 10, 2011, Kim opposes Pasternak's application, arguing that Pasternak is not entitled to punitive damages as a matter of law due to the nature of his claims. More specifically, Kim contends that case law is well-established that punitive damages are not permitted for the type of fraudulent misrepresentation claim that Pasternak has alleged, and also because the allegations here do not implicate the general public (which might support a claim for punitive damages). Kim argues additionally that no discovery related to punitive damages should occur until after any wrongdoing has been established.[1]

The Court held a hearing by telephone with the parties today to afford each side an opportunity to supplement their letters, and then advised the parties of the Court's ruling and that this Memorandum and Order would follow.

Kim's threshold argument that there is no basis for an award of punitive damages appears to have merit, because "New York courts have refused to award punitive damages where plaintiff did not meet the 'public harm' requirement, no matter how improper the defendant's activity." *Mayline Enterprises, Inc. v. Milea Truck Sales Corp.*, 641 F.Supp.2d 304, 311 (S.D.N.Y.2009). As the Court in *Mayline Enterprises* observed, "[t]o the extent that some courts have found meeting the 'public harm' requirement unnecessary [as the First Department's recent discussion of the issue in *Hoeffner* appears to suggest], the Second Circuit (whose rulings bind this court) has concluded that they are against the weight of authority on the issue." *Id.* (citing *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 94 & n. 12 (2d Cir.2005)).

What complicates the issue is that the cases cited by Kim—*Hoeffner* and *Kelly v. Defoe Corp.*, 223 A.D.2d 529, 636 N.Y.S.2d 123 (2d Dep't 1996)—were both adjudicated in the context of a motion to strike a claim for punitive damages. In seeking to have the Court deny Pasternak's discovery request, Kim is essentially requesting partial summary judgment on the claim for punitive damages. However, Kim did not move to strike the claim when he moved to dismiss the original complaint, and he did not do so

---

1. In a reply letter dated August 15, 2011, Pasternak contends that under federal law, which applies to procedural matters such as discovery, pre-trial financial discovery and a bifurcated trial is more efficient when a punitive damages claim is involved, rather than delayed discovery. Pasternak Reply Letter dated August 15, 2011 at 3–4 (citing *Hazeldine v. Beverage Media, Ltd.*, No. 94 Civ. 3466 (CSH), 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997)).

when he answered the amended complaint. The posture of the case and the present record before the Court do not lend themselves to an adjudication of the punitive damages claim at this time, and a denial of the discovery request on this basis would be tantamount to doing so. Accordingly, I will not deny Pasternak's application on this ground.

The question then becomes whether the time is right for the discovery Pasternak seeks. As Magistrate Judge Francis recently noted, "[c]ourts in this circuit are split on the issue of allowing pretrial disclosure of financial information relevant to a determination of punitive damages. Some permit it. Others have found that such disclosure is premature." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH)(JCF), 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010) (citations omitted).[2] Here, I am not convinced that the discovery Pasternak seeks needs to be produced at this juncture of the litigation. During the hearing today, counsel for Kim represented that he planned to move to strike the claim for punitive damages at the summary judgment stage of the case. As the discovery sought is highly sensitive and confidential, it would be premature to order that it be produced given that the need for its disclosure may be abrogated by motion. Therefore, I decline to grant Pasternak access to the discovery he seeks at this time, and deny his application without prejudice to renewal. *See Copantitla*, 2010 WL 1327921, at *16 (access for financial information denied without prejudice to renewed application following summary judgment motion); *Uebelacker v. Paula Allen Holdings, Inc.*, No. 06 C 316, 2006 WL 6021169, at *1 (W.D.Wis. Jan. 3, 2006) (delaying decision on motion to compel defendants' financial status until pending summary judgment motion decided). If Kim's motion to strike the punitive damages claim is denied by Judge Swain,

then Pasternak may renew this application and Judge Swain—or the undersigned upon referral—will determine whether the timing of such disclosure (as well as its scope and format) should take place before trial or after a finding of liability.

SO ORDERED.

---

**2.** Kim's reliance on *Rupert v. Sellers*, 48 A.D.2d 265, 368 N.Y.S.2d 904 (4th Dep't 1975), for the proposition that punitive damages discovery is not appropriate until a plaintiff has first established liability is misguided since federal law and not state law governs questions of procedure such as discoverability. *Hazeldine v. Beverage Media, Ltd.*, No. 94 Civ. 3466 (CSH), 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997) (citations omitted). Moreover, while the Second Circuit "has cited *Rupert* with approval, it has done so for the proposition that *evidence* of a defendant's wealth should not 'be brought out *at trial* unless and until the jury has brought in a special verdict that the plaintiff is entitled to punitive damages.'" *Id.* (citations omitted). It has not held that financial discovery such as that sought here may only be taken after a liability determination.