Project Cricket Acquisition, Inc. v FCP Invs. VI, L.P. (2018 NY Slip Op 02133)





Project Cricket Acquisition, Inc. v FCP Invs. VI, L.P.


2018 NY Slip Op 02133


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6104 652524/15

[*1]Project Cricket Acquisition, Inc., Plaintiff-Respondent,
v
FCP Investors VI, L.P., et al., Defendants-Appellants, Florida Capital Partners, Inc., et al., Defendants.


Michael Q. English, Port Chester, for Felix J. Wong, FCP Investors VI, L.P., FCP Investors VI (Parallel Fund), L.P., and Cricket Stockholder Rep, LLC, appellants.
Akin Gump Strauss Hauer & Feld LLP, New York (Brian T. Carney of counsel), for Gregory Johnson, appellant.
Wollmuth Maher & Deutsch LLP, New York (Michael C. Ledley of counsel), for Barry J. Thibodeaux, Thomas P. Bayham, Thomas R. Sumner, George T. Malvaney, Larry N. Lee, Robert Williams, Eric Hoffman, David Zachary, and Clay Cox, appellants.
Karl Huth Law Office, Port Washington (Karl C. Huth of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 28, 2017, which, insofar as appealed from as limited by the briefs, denied defendant Gregory Johnson's motion to dismiss the complaint as against him for lack of personal jurisdiction and to dismiss the causes of action for fraudulent inducement and civil conspiracy as against him for failure to state a claim, denied defendants Felix J. Wong, FCP Investors VI, L.P. and FCP Investors VI (Parallel Fund), L.P. (the FCP defendants), and Cricket Stockholder Rep, LLC's (seller representative) motion to dismiss the complaint as against Wong for lack of personal jurisdiction and to dismiss the causes of action for fraudulent inducement and civil conspiracy as against Wong and the cause of action for breach of section 2.3 of the stock purchase agreement (SPA) as against the FCP defendants and the seller representative, and denied defendants Barry J. Thibodeaux, Thomas P. Bayham, Thomas R. Sumner, George T. Malvaney, Larry N. Lee, Robert Williams, Eric Hoffman, David Zachary, and Clay Cox's (selling shareholders) motion to dismiss the cause of action for breach of section 2.3 of the SPA as against them, unanimously modified, on the law, to grant the motions to the extent of dismissing the causes of action for fraudulent inducement and civil conspiracy as against Johnson and Wong, and the cause of action for breach of section 2.3 of the Stock Purchase Agreement (SPA), and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
This action arises from plaintiff's purchase of nonparty USES Holding Corp. from the FCP defendants and the selling shareholders pursuant to a stock purchase agreement (SPA). Defendants Johnson and Wong were directors or officers of USES or the defendant entities. Plaintiff alleges that defendants made false and misleading representations about USES's financial health with the intention and effect of inflating the purchase price.
We decide the substantive legal issues pursuant to Delaware law in accordance with the SPA's choice of law provision. The fraudulent inducement claim against Johnson and Wong is dismissed as duplicative of the breach of contract claims to the extent it is based on the falsity of the representations and warranties made in the SPA (see Bean v Fursa Capital Partners, LP, [*2]2013 WL 755792, *4, 2013 Del Ch LEXIS 56, *12-13 [Del Ch Feb. 28, 2013]). To the extent it is based on statements external to the SPA, it is barred by the SPA's disclaimer of reliance on information "not expressly represented and warranted to in this Agreement" (see RAA Mgt., LLC v Savage Sports Holdings, Inc., 45 A3d 107, 118-119 [Del 2012]; Prairie Capital III, L.P. v Double E Holding Corp., 132 A3d 35, 50 [Del Ch 2015]).
Civil conspiracy is not recognized as a cause of action in New York (see Hoeffner v Orrick, Herrington & Sutcliffe LLP, 85 AD3d 457 [1st Dept 2011]). However, Delaware does recognize such a claim. Nevertheless, the civil conspiracy claim against Johnson and Wong is dismissed because it was predicated upon the fraudulent inducement claim that is dismissed herewith (see Kuroda v SPJS Holdings, L.L.C., 971 A2d 872, 892 [Del Ch 2009]).
As we are dismissing the only remaining claims against Johnson and Wong, we need not reach the issue of personal jurisdiction over these defendants.
The claim of breach of section 2.3 of the SPA is predicated upon the refusal of the FCP defendants, the seller representative, and the selling shareholders to accept plaintiff's "corrected" net working capital statement, which was based on updated financial data allegedly revised to be compliant with "Generally Accepted Accounting Principles" (GAAP). However, these defendants were not obligated to accept the corrected statement because it was not delivered within the 90-day period specified in SPA § 2.3(b)(i).
Moreover, plaintiff's challenge to the working capital calculations is improper, because it is broader than the scope of working capital adjustments permitted under section 2.3. The adjustment process, like the process at issue in Chicago Bridge & Iron Co. N.V. v Westinghouse Elec. Co. LLC, 166 A3d 912 [Del 2017]), is best understood as a "True Up" to the purchase price to reflect changes between the date of the preliminary working capital calculations and the closing date (see 166 A3d at 914, 916 [Del 2017]). It is thus "an important, but narrow, subordinate, and cabined remedy," and does not permit the purchaser "to challenge the historical accounting practices used in the represented financials" (id. at 916), as plaintiff now seeks to do. Plaintiff's attempt to distinguish the text of the instant provision from that of the provision at issue in Chicago Bridge is unavailing. In any event, however, plaintiff's claim for breach of the SPA's express warranty of GAAP-compliance is still pending.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK