## Fortinbras Enters. LP v TigerRisk Partners LLC

2025 NY Slip Op 30010(U)

January 3, 2025

Supreme Court, New York County

Docket Number: Index No. 651983/2024

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**                    PART              61M

*Justice*

-----------------------------------------------------------------------------X

FORTINBRAS ENTERPRISES LP, HT INVESTMENTS,       **INDEX NO.**       651983/2024
LLC, SILVER ROCK TACTICAL ALLOCATION FUND LP,
SILVER ROCK CONTINGENT CREDIT FUND LP,       **MOTION DATE**    07/17/2024

Plaintiffs,       **MOTION SEQ. NO.**    003

- v -

TIGERRISK PARTNERS LLC, TIGERRISK CAPITAL       **DECISION + ORDER ON**
STRATEGIES LLC,       **MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 37

were read on this motion to/for            DISMISS            .

## I.    INTRODUCTION

In this action arising from a loan (the "Financing Transaction") to nonparty Lighthouse Management, LLC ("Lighthouse Management"), the defendants move, pre-answer, pursuant to CPLR 3211(a)(1) and (a)(7), to dismiss the complaint in its entirety. The plaintiffs oppose the motion. The motion is granted in part.

## II.    BACKGROUND

The following facts, which are accepted as true for purposes of the instant motion, are drawn from the allegations of the complaint.

Nonparties Lawrence White and his son Patrick White controlled Lighthouse Management, the licensed managing general agent for now-liquidated insurance company and nonparty Lighthouse Property Insurance Corporation (LPIC). Lighthouse Management and LPIC, together with several other entities constituted the "Lighthouse Entities."

In July 2021, the Louisiana Department of Insurance placed the Lighthouse Entities into court-supervised conservation. The sealed conservation proceeding required the Lighthouse Entities to improve risk-based capital metrics or face seizure and liquidation of their assets. The

**651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL**       **Page 1 of 10**
**Motion No.  003**

1 of 10

Lighthouse Entities faced further distress after August and September of 2021, when Hurricane Ida caused an increase in claims against LPIC insurance policies.

Defendant TigerRisk Capital Strategies LLC (n/k/a Howden Tiger Capital Markets & Advisory, LLC, herein "Capital Markets"), served as the exclusive investment placement agent for Lighthouse Management. The engagement agreement between Lighthouse Management and Capital Markets (the "Engagement Letter"), dated January 21, 2021, disclaimed the existence of a fiduciary relationship between Lighthouse Management and the defendants, stating that "nothing in this [Engagement Letter] … shall be deemed to create a fiduciary duty or fiduciary or agency relationship between [Capital Markets] and [Lighthouse Management]".

On September 3, 2021, Capital Markets allegedly assisted with the production of an investment presentation, suggesting to Lighthouse Management that it "tweak" the presentation to show improved risk-based capital metrics. Later in September 2021, nonparties Jarad Madea and Tim Fox of Capital Markets contacted plaintiff Fortinbras Enterprises LP ("Fortinbras"), soliciting an investment in Lighthouse Management, knowing the Lighthouse Entities were subject to enhanced state supervision in the Louisiana conservation proceeding.

Plaintiffs HT Investments, LLC, Silver Rock Tactical Allocation Fund LP, and Silver Rock Contingent Credit Fund LP ("Lenders") would step in to provide emergency capital. Fortinbras served as investment advisor to HT Investments, LLC. During the due diligence phase of the deal, Capital Markets was a conduit, relaying information from Lighthouse Management to Fortinbras. Defendant TigerRisk Partners LLC ("Partners") provides reinsurance and risk management services for insurance companies. Partners supported Capital Markets in facilitating the financing transaction.

The due diligence process involved an evaluation of the Lighthouse Entities' creditworthiness. The plaintiffs allege that Capital Markets did not disclose "the true regulatory standing of the Lighthouse Entities, despite specific requests by [p]laintiffs for any such information during due diligence." The plaintiffs further allege Capital Markets and Partners knew the losses caused by Hurricane Ida would exceed the Lighthouse Entities' $316 million maximum reinsurance coverage but represented the opposite to Fortinbras. On December 9, 2021, Lighthouse Management told Partners' Kyle Menendez to "position $316 million" as the "Ida Ultimate" loss. On December 14, Menendez allegedly represented to Fortinbras that

651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL          Page 2 of 10
Motion No.  003

2 of 10

"Lighthouse Insurance Entities' losses from Hurricane Ida claims could be closer to $275 million."

On December 22, 2021, Lenders executed a Note Purchase Agreement, providing Lighthouse Management with $65 million (the "Financing Transaction"). The plaintiffs allege $19 million of the Financing Transaction proceeds were improperly transferred to nonparty One Florida Bank, which the Whites partially own. In February of 2022, Patrick White disclosed that projected losses from Hurricane Ida had been revised to at least $367 million. By March 2022, losses were projected to be $400 million. Over the course of 2022, the Lighthouse Entities were declared insolvent and liquidated. The plaintiffs acquired all rights in the assets of Lighthouse Management, including its claims and causes of action.

The plaintiffs commenced this action on April 17, 2024, alleging four causes of action against the defendants for: (1) aiding and abetting fraud, (2) negligent misrepresentation, (3) breach of fiduciary duty, and (4) unjust enrichment. The complaint seeks compensatory and punitive damages. The present motion ensued.

### III.    DISCUSSION

Dismissal under CPLR 3211(a)(1) is warranted only when the documentary evidence submitted "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." Fortis Financial Services, LLC v Fimat Futures USA, 290 AD2d 383, 383 (1st Dept. 2002); see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 433 (1st Dept. 2014); Fontanetta v John Doe 1, 73 AD3d 78 (2nd Dept. 2010). A particular paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is "unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable." See VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189 (1st Dept. 2019), quoting Fontanetta v John Doe 1, supra.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 (2002). To determine whether a pleading adequately states a cause of action, the court must "presume[ ] the facts alleged are true and accord[ ] the plaintiff every favorable inference, unless the allegations actually constitute legal conclusions or are inherently incredible or [are] unequivocally contradicted by documentary evidence." Landmark Ventures, Inc. v InSightec,

651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL          Page 3 of 10
Motion No.  003

3 of 10

Ltd., 179 AD3d 493, 494 (1st Dept. 2020); see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141–42 (2017); Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 (2013); Simkin v Blank, 19 NY3d 46 (2012); Hurrell-Harring v State of New York, 15 NY3d 8 (2010); 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra; Leon v Martinez, 84 NY2d 83 (1994). "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra, at 152 (internal quotation marks omitted); see Leon v Martinez, supra; Guggenheimer v Ginzburg, 43 NY2d 268, 275 (1977). Additionally, pursuant to CPLR 3016(b), where an action is based on fraud, "the circumstances constituting the wrong shall be stated in detail."

A. Fortinbras's Standing to Sue

As an initial matter, the defendants correctly contend that Fortinbras lacks standing to sue, and that all claims must therefore be dismissed insofar as they are asserted on behalf of Fortinbras.

"On a pre-answer motion to dismiss for lack of standing, the burden lies with the defendant to establish prima facie that plaintiff has no standing to sue." Credit Suisse Financial Corp. v Reskakis, 139 AD3d 509, 510 (1st Dept. 2016); see Brunner v Est. of Lax, 137 AD3d 553, 553 (1st Dept. 2016). If this burden is met, the burden shifts to the plaintiff to raise a triable issue of fact as to its standing. See DLJ Mtge. Capital v Mahadeo, 166 AD3d 512, 513 (1st Dept. 2018). A party who seeks to establish standing must show "injury in fact, that is, an actual stake in the matter to be adjudicated," and that the court has before it a justiciable controversy. Lucker v Bayside Cemetery, 114 AD3d 162, 169 (1st Dept. 2013); see Security Pac. Natl. Bank v Evans, 31 AD3d 278, 279 (1st Dept. 2006).

Unlike the other plaintiffs, Fortinbras is not alleged to be a lender that participated in the Financing Transaction. Rather, it is merely alleged to be the investment advisor to one of those lenders, HT Investments, LLC. The complaint therefore fails to plead that Fortinbras suffered an injury in fact, as there is no allegation that it invested any of its own funds in the Financing Transaction or that it otherwise suffered any compensable injury. As such, the defendants have demonstrated, *prima facie*, that Fortinbras lacks standing. See Lucker v Bayside Cemetery, supra; Security Pac. Natl. Bank v Evans, supra.

Fortinbras, in opposition, contends it has standing because, (i) due to the underlying fraud, the Lenders lost their entire investment, which in turn deprived Fortinbras of an opportunity to earn expected management fees, and (ii) it was harmed by directing HT Investments LLC to participate in the Financing Transaction. These arguments are unavailing. Fortinbras cannot rely on any purported lost management fees to establish standing because no such loss of fees is alleged in the complaint. Nor does the complaint plead that Fortinbras suffered any harm by directing HT Investments LLC to make a bad loan. Moreover, while "[a] plaintiff may provide, and the court can consider, sworn affidavits to remedy any defects in the complaint and preserve a possibly inartful pleading that may contain a potentially meritorious claim" (Ray v Ray, 108 AD3d 449, 452 [1st Dept. 2013]; see Leon v Martinez, supra at 87), no affidavit is submitted in opposition to the present motion to cure the complaint's pleading deficiencies with respect to Fortinbras's standing.

Therefore, all four causes of action alleged in the complaint are dismissed pursuant to CPLR 3211(a)(7) to the extent they are asserted on behalf of Fortinbras.

B. First Cause of Action: Aiding and Abetting Fraud

The elements of an aiding and abetting claim are (1) the existence of an underlying fraud; (2) actual knowledge of the fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud. See Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 11 (1st Dept. 2019), citing Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 (1st Dept. 2009); Oster v Kirschner, 77 AD3d 51, 55-56 (1st Dept. 2010). Actual knowledge need only be pleaded generally. See Oster v Kirschner, supra. Substantial assistance can be shown where a defendant affirmatively assists in the commission of the fraud. See id., citing Nathel v Siegal, 592 F Supp 2d 452, 470 (SDNY 2008) ("Under New York law, substantial assistance occurs when a defendant affirmatively assists, or helps conceal, or fails to act when required to do so, thereby enabling the fraud to occur.").

The underlying fraud by the Whites, who allegedly induced Lenders into the Financing Transaction by misrepresenting the expected liabilities of the Lighthouse Entities, is not disputed. Construing the complaint liberally (see Romanello v Intesa Sanpaulo, S.p.A., supra), knowledge and substantial assistance by both Capital Markets and Partners is sufficiently alleged. In particular, the complaint alleges that specific individuals representing Capital Markets and Partners knew the Lighthouse Entities were subject to judicial supervision and were aware

651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL        Page 5 of 10
Motion No.  003

5 of 10

of the true scope of the estimated losses from Hurricane Ida, but nevertheless solicited the Lenders to participate in the Financing Transaction. The complaint further alleges that these individuals affirmatively assisted Patrick White in concealing the full extent of those liabilities by modifying investor materials to misrepresent the actual expected losses facing the Lighthouse Entities, thereby making the Lighthouse Entities appear more creditworthy. As such, the plaintiffs have sufficiently stated a cause of action against both defendants for aiding and abetting fraud. See Epiphany Community Nursery Sch. v Levey, supra; Oster v Kirschner, supra.

C. Second Cause of Action: Negligent Misrepresentation

"A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 (2011) (internal quotation marks omitted). "A special relationship may be established by persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." Id. (internal quotation marks omitted). Generally, an arm's length business relationship between sophisticated parties does not give rise to a confidential or fiduciary relationship that would support a cause of action for negligent misrepresentation. See King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, 187 AD3d 688, 690 (1st Dept. 2020); J.P. Morgan Sec. Inc. v Ader, 127 AD3d 506, 507 (1st Dept. 2015).

Here, the complaint fails to adequately plead a claim for negligent misrepresentation against Capital Markets. Capital Markets is not alleged to have been in contractual privity with the Lenders nor is it alleged to have any unique or specialized expertise. See Mandarin Trading Ltd. v Wildenstein, supra. Moreover, the plaintiffs acknowledge that the Financing Transaction was an arms' length transaction. See King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, supra; J.P. Morgan Sec. Inc. v Ader, supra. They nevertheless contend in their opposition that the degree of information asymmetry between themselves and Capital Markets, who "had extensive knowledge of the Lighthouse Entities' operations and exposures," gives rise to a special relationship. However, Capital Markets' superior knowledge of the Lighthouse Entities' level of exposure, and thus the details of Patrick White's alleged fraud, does not establish a special relationship. See MBF Clearing Corp. v JPMorgan Chase Bank, N.A., 189 AD3d 546, 547 (1st Dept. 2020) (defendant's alleged superior knowledge of their own alleged

**651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL       Page 6 of 10**
**Motion No.  003**

wrongdoing does not constitute "unique or specialized expertise"); MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 297 (1st Dept. 2011) (that defendant "had superior knowledge of the particulars of its own business practices is insufficient to sustain the [negligent misrepresentation] cause of action"); see also RKA Film Fin., LLC v Kavanaugh, 162 AD3d 418, 419 (1st Dept. 2018) (defendant's alleged superior knowledge of the other defendants' alleged wrongdoing does not constitute unique or specialized expertise).

The complaint likewise fails to state a negligent misrepresentation claim against Partners, the reinsurance broker, which is not alleged to have been in privity with the plaintiffs or to have otherwise had an ongoing relationship with them at all. While Partners is alleged to have been aware of the Lighthouse Entities' rising liabilities related to Hurricane Ida, and to have stayed in constant contact with Lighthouse Management, there are insufficient allegations of conduct by Partners linking it to the Lenders. See RKA Film Fin., LLC v Kavanaugh, supra.

The complaint alleges that Partners engaged in a phone call with Fortinbras in which Kyle Menendez is alleged to have "posited to Fortinbras representatives that Lighthouse Insurance Entities' losses from Hurricane Ida could be closer to $275 Million…." This single phone call, however, is insufficient to establish the existence of a special relationship. See LaSalle Natl. Bank v Ernst & Young LLP, 285 AD2d 101, 107-08 (1st Dept. 2001) (no special relationship between lender and borrower's accountants where only contact was single phone call). Nor do the other allegations concerning Partners' conduct evince a special relationship. For example, allegations that Menendez was present at a meeting with Fortinbras, provided Lighthouse Management with daily and weekly claims projections, and reported to Patrick White are insufficient, as they do not establish that any representations were made to the plaintiffs, let alone representations made with an awareness that they would be relied upon by the plaintiffs for a particular purpose. See Sykes v RFD Third Ave. 1 Assoc., LLC, 67 AD3d 162, 165-66 (1st Dept. 2009) (requiring an allegation that the defendant was aware the allegedly negligent misrepresentations would be relied upon by a known party for a particular purpose). Therefore, the negligent misrepresentation claim is dismissed for failure to state a cause of action. See CPLR 3211(a)(7).

D. Third Cause of Action: Breach of Fiduciary Duty

The Lenders, as assignees of Lighthouse Management's legal claims, assert a cause of action for breach of fiduciary duty against the defendants. The elements of a claim for a breach of fiduciary duty are (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) a

651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL          Page 7 of 10
Motion No.  003

7 of 10

showing that the breach was a substantial factor in causing an identifiable loss. See People v Grasso, 50 AD3d 535, 545 (1st Dept. 2008). "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 19 (2005).

The defendants argue, *inter alia*, that Lighthouse Management waived the existence of a fiduciary relationship with Capital Markets and that the complaint identifies no damages caused by Partners. The damages element is dispositive with respect to Partners, as the only identifiable loss to Lighthouse Management alleged in the complaint is the success fee it paid to Capital Markets. The other losses alleged in the complaint fell on the Lenders, who did not have a fiduciary relationship with either of the TigerRisk entities. As such, the plaintiffs fail to state a breach of fiduciary duty claim against Partners. See People v Grasso, supra; CPLR 3211(a)(7).

With respect to Capital Markets, its relationship with Lighthouse Management was governed by the written Engagement Letter between the parties, a signed copy of which the defendants submit in support of their motion, which expressly disclaimed the existence of a fiduciary relationship. "Generally, where parties have entered into a contract, courts look to that agreement to discover the nexus of the parties' relationship," and, "[i]f the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them." EBC I, Inc. v Goldman Sachs & Co., supra at 19-20 (internal quotation marks and ellipses omitted). Moreover, the complaint does not challenge the validity of the disclaimer or otherwise set forth allegations that, "apart from the terms of the contract, [Capital Markets and Lighthouse Management] created a relationship of higher trust than would arise from the [Engagement Letter] alone." Id. Further, even assuming that fiduciary duties were owed to Lighthouse Management, the plaintiffs do not allege facts demonstrating a breach of such a duty. Indeed, the complaint makes clear the fiduciary duty cause of action is not based on any purported misconduct with respect to Lighthouse Management, but rather it is based on Capital Markets' "concealing from *Plaintiffs* the full extent of Lighthouse Entities' regulatory status and financial condition" and that "[Capital Markets'] breach of fiduciary duty was a proximate cause of the *Lenders'* decision to participate in the Financing Transaction and the Lenders' subsequent losses" (emphasis added). See People v Grasso, supra. As such, dismissal of the breach of fiduciary duty claim against Capital Markets is warranted pursuant to CPLR 3211(a)(1) and (a)(7).

651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL          Page 8 of 10
Motion No.  003

8 of 10

### E. Fourth Cause of Action: Unjust Enrichment

A claim for unjust enrichment cannot lie where there is an express contract covering the dispute. See Clark-Fitzpatrick, Inc. v Long Island R. Co., 70 NY2d 382, 388 (1987); A.N.L.Y.H. Invs. LP v JDS Principal Highline LLC, 231 AD3d 570, 572 (1st Dept. 2024); Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 (1st Dept. 2022). Here, the plaintiffs allege that Capital Markets was unjustly enriched by collecting a success fee from Lighthouse Management in connection with the Financing Transaction. However, the subject success fee was paid pursuant to the Engagement Letter, which precludes recovery under a quasi-contract theory. See Clark-Fitzpatrick, Inc. v Long Island R. Co., supra; A.N.L.Y.H. Invs. LP v JDS Principal Highline LLC, supra; Dragons 516 Ltd. v GDC 138 E 50 LLC, supra. As such, the plaintiffs' unjust enrichment claim is dismissed pursuant to CPLR 3211(a)(1) and (a)(7).

### F. Punitive Damages

As no compensatory damages are awarded on dismissed causes of action, no punitive damages are warranted on those causes of action. Nor are punitive damages warranted on the remaining cause of action, for aiding and abetting fraud.

"Punitive damages may be awarded only "where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, and others who might otherwise be so prompted, from indulging in similar conduct in the future." Walker v Sheldon, 10 NY2d 401, 404 (1961); see Marinaccio v Town of Clarence, 20 NY3d 506 (2013). For that reason, "punitive damages are not recoverable for an ordinary breach of contract." Rocanova v Equitable Life Assur. Soc. of U.S., 83 NY2d 603, 613 (1994). Similarly, "[p]unitive damages are not available 'in the ordinary fraud and deceit case'" (Hoeffner v Orrick, Herrington & Sutcliffe LLP, 85 AD3d 457, 458 [1st Dept. 2011], quoting Walker v Sheldon, supra at 405), but are permitted "where the fraud [is] aimed at the public generally" (Walker v Sheldon, supra at 405; see Vandashield Ltd v Isaacson, 146 AD3d 552, 555 [1st Dept. 2017]), and "[the] 'defendant's wrongdoing is not simply intentional but 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations'" (Hoeffner v Orrick, Herrington & Sutcliffe LLP, supra, quoting Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007], quoting Walker v Sheldon, supra at 405).The plaintiffs have not, however, alleged that the alleged wrongdoing "evince[s] a high degree of moral turpitude and demonstrate[s].. [any] wanton dishonesty (Hoeffner v Orrick, Herrington & Sutcliffe LLP, supra) or that the defendants engaged in any conduct directed at the

651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL          Page 9 of 10
Motion No.  003

9 of 10

[* 9]

public generally. <u>See</u> <u>Walker v Sheldon</u>, <u>supra</u> at 405; <u>Vandashield Ltd v Isaacson</u>, <u>supra</u>.
Dismissal of the request for punitive damages is therefore warranted.


## IV.    CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motion is granted to the extent it seeks dismissal of the second, third, and fourth causes of action, the plaintiffs' request for punitive damages, and all causes of action insofar as they are asserted on behalf of plaintiff Fortinbras Enterprises LP, and the motion is otherwise denied; and it is further

ORDERED that the defendants shall answer the remaining cause of action of the complaint within thirty (30) days of the date of this order; and it is further

ORDERED that the parties shall appear for a preliminary conference on March 20, 2025, at 11:30 a.m., to be held via Teams; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.


**1/3/2025**
**DATE**

**NANCY M. BANNON, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651983/2024   FORTINBRAS ENTERPRISES LP ET AL vs. TIGERRISK PARTNERS LLC ET AL**          **Page 10 of 10**
     **Motion No.  003**

10 of 10