# IN THE COURT OF APPEALS OF IOWA

No. 20-1159
Filed June 16, 2021

IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF JOSEPH C. KINTZLE,

**LORI KINTZLE and LISA NICKERSON,**
        Appellants.
_____

Appeal from the Iowa District Court for Delaware County, Monica Zrinyi Wittig, Judge.

Two sisters appeal the district court's decision denying their request to be awarded attorney fees in the guardianship and conservatorship proceedings involving their father. **AFFIRMED.**

Molly Parker, Donald L. Johnson, and Megan R. Merritt of Shuttleworth & Ingersoll, Cedar Rapids, for appellants.

McKenzie R. Blau of O'Connor & Thomas, P.C., Dubuque, for appellee Joseph C. Kintzle.

Mary Rose Shelley of Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson, P.L.C., Waterloo, for appellees Jody Kerns and Vicki Chupka.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Lori Kintzle and Lisa Nickerson appeal the district court's decision denying their request to be awarded attorney fees in the guardianship and conservatorship proceedings involving their father. Lori and Lisa's petition to intervene in the proceedings was denied and the other parties objected to their participation. We conclude the district court properly denied their request for attorney fees. Additionally, they are not entitled to appellate attorney fees. We affirm the decision of the district court.

## I.       Background Facts & Proceedings

Joseph Kintzle has six children—Lori, Lisa, Jody Kerns, Vicki Chupka, Denise Child, and Randy Kintzle. On September 11, 2018, Joseph filed a petition for a voluntary guardianship and conservatorship,[1] naming Jody and Vicki as the proposed guardians and conservators (guardians). Joseph has property worth approximately $6.5 million. The district court granted the petition.

On October 3, Lori and Lisa filed a pro se "notice of appeal" in the district court, alleging Joseph had dementia and was unable to voluntarily enter into a guardianship and conservatorship. Lori and Lisa asked to have Jody and Vicki removed as the guardians and to be named in their place. The guardians filed a motion to dismiss, stating the motion was not a "notice of appeal" and that Lori and Lisa did not have standing to appeal the court's decision. The court ruled the

---

[1] Effective January 1, 2020, the legislature repealed and replaced Iowa Code section 633.557, which permitted the appointment of a guardian on a voluntary petition, and repealed section 633.572, which permitted the appointment of a conservator on a voluntary petition. *See* 2019 Iowa Acts ch. 57, §§ 14, 41.

"notice of appeal" was not authorized by any statute or rule and that Lori and Lisa did not have standing.

Lori and Lisa filed a motion to intervene on November 20. The guardians resisted the motion. After a hearing, the district court found there was no improper conduct by the guardians. The court denied the motion to intervene. Lori and Lisa filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), which was denied by the district court.

On March 14, 2019, Joseph filed a pro se motion stating, "I no longer need or want a Guardianship or Conservatorship. I am doing better. Please cancel it as of today." The guardians filed a resistance to the motion. Lori and Lisa filed a response to the resistance, which the guardians asked to strike because Lori and Lisa were not parties in the case. Before ruling on the motion to cancel the guardianship and conservatorship, the district court appointed a guardian ad litem (GAL) and asked for a report on Joseph's condition. The GAL reported that Joseph was unable to take care of his own affairs, and the guardianship and conservatorship were necessary. Lori and Lisa then asked the court to appoint an attorney for Joseph. The court granted the motion to appoint counsel for Joseph. Counsel for Joseph withdrew the request to terminate the guardianship and conservatorship.[2]

---

[2] Because the motion to cancel the guardianship and conservatorship was withdrawn, there was no ruling on the motion to cancel, the guardians' resistance to the motion, or the guardians' motion to strike Lori and Lisa's response to the guardians' resistance.

On January 20, 2020, Lori and Lisa filed a motion to remove and substitute the guardians. They asked to have a third party appointed. The guardians and Joseph resisted the motion. After a hearing, the district court denied the motion.

Lori and Lisa filed an application for attorney fees, requesting the payment of $12,607.00 under Iowa Code section 633.551(5) (2020). They claimed their actions were for the benefit of Joseph and, therefore, their attorney fees should be paid by the conservatorship. The guardians objected, asserting Lori and Lisa were not entitled to attorney fees under the statute. Joseph also resisted the application for attorney fees. The district court denied Lori and Lisa's request for attorney fees. The court noted that their request to intervene was denied. The court also found, "Their actions did not result in any modifications to the appointment or requirements imposed on the guardians/conservators." Lori and Lisa appeal the district court's decision.

## II. Standard of Review

Under section 633.33, our review of an action to establish guardianships and conservatorships is for the correction of errors at law. *See In re Conservatorship of Alessio*, 803 N.W.2d 656, 659 (Iowa 2011) ("Actions . . . for the involuntary appointment of guardians and conservators . . . shall be triable in probate as law actions." (quoting Iowa Code § 633.33)). Also, on issues of statutory interpretation, we review for the correction of errors at law. *Merrill v. Valley View Swine, LLC*, 941 N.W.2d 10, 15 (Iowa 2020).

We review the district court's decision awarding attorney fees for an abuse of discretion. *See Ferguson v. Exide Techs., Inc.*, 936 N.W.2d 429, 435–36 (Iowa 2019) (applying abuse of discretion standard to review of lower court's award of

discretionary attorney fees). "An abuse of discretion occurs when the 'decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree.'" *Anderson v. Anderson Tooling, Inc.*, 928 N.W.2d 821, 826 (Iowa 2019) (citation omitted).

### III. Discussion

### A. Trial Attorney Fees

Lori and Lisa claim the district court erred by denying their request for attorney fees. They state that they are entitled to attorney fees under section 633.551 because they were instrumental in providing significant benefits to Joseph. They point out that they attempted to intervene in the proceedings. Lori and Lisa assert they were instrumental in ensuring counsel was appointed for Joseph, he was provided with twenty-four-hour-per-day care, and there was an accounting of all of his assets.

Section 633.551(5) provides:

> Except as otherwise provided in sections 633.672 and 633.673,[3] in proceedings to establish a guardianship or conservatorship, the costs, including attorney fees, court visitor fees, and expert witness fees, shall be assessed against the respondent or the respondent's estate unless the proceeding is dismissed either voluntarily or involuntarily, in which case fees and costs may be assessed against the petitioner for good cause shown.

The Iowa Court of Appeals has interpreted this provision "to only allow for assessment of attorney fees that the district court, in its discretion, deems reasonable under the circumstances." *In re Guardianship of Norelius (Norelius I)*, No. 18-1273, 2020 WL 402048, at *3 (Iowa Ct. App. Jan. 23, 2020) (considering

---

[3] Section 633.672 refers to the payment of court costs in conservatorships, and section 633.673 refers to the same in guardianships.

attorney fees for the petitioners). The statute provides that costs, including attorney fees, will be paid by the proposed protected person or that person's estate. *In re Guardianship of Norelius* (*Norelius III*), No. 19-1494, 2020 WL 1049536, at *2 (Iowa Ct. App. Mar. 4, 2020) (considering attorney fees for the guardian).

In the case *In re Guardianship of Norelius* (*Norelius II*), the petitioners who sought to establish an involuntary guardianship claimed an intervenor in the action was not entitled to attorney fees under section 633.551(5) because the intervenor was not seeking to establish a guardianship. No. 19-0210, 2020 WL 2544234, at *1–2 (Iowa Ct. App. Jan. 23, 2020). The intervenor's attorney fees were paid from a previously established conservatorship for the proposed protected person. *Id.* at *1. The Iowa Court of Appeals rejected the petitioners' claims, stating,

> This was a proceeding to establish a guardianship and conservatorship and was not dismissed. [The intervenor] was a party to the proceeding. Even if he did not present evidence in support of establishing a guardianship, he was instrumental in aiding the resistance of all parties, except the appellants, against the appellants being appointed guardians of the ward. We find no legal error in the district court's conclusion that section 633.551(5) applied to [the intervenor].

*Id.* at *2. The court affirmed the district court's award of attorney fees to the intervenor. *Id.*

Also, the Iowa Court of Appeals recently considered a request for attorney fees by the daughter of a proposed protected person, who we found "properly participated in the case because none of the other parties objected." *In re Conservatorship of Haravon*, No. 20-0501, 2021 WL 1400773, at *4 (Iowa Ct. App. Apr. 14, 2021). The court noted, "A litigant may waive its objection to intervention

by failing to object in a timely fashion or by failing to move to strike the plea in intervention." *Id.* (citations omitted). We concluded the district court properly concluded the proposed protected person should pay the daughter's attorney fees incurred defending against the proposed conservatorship. *Id.* at *5.

Lori and Lisa did not successfully intervene in the proceedings, as did the intervenor who was awarded attorney fees in *Norelius II.* *See* 2020 WL 2655234, at *2 (finding the intervenor "was a party to the proceeding"). Their motion to intervene was denied by the district court. Also, unlike in *Haravon*, the guardians objected to Lori and Lisa's participation in the case. *See* 2021 WL 1400773, at *4. The guardians repeatedly raised the issue of Lori and Lisa's standing in the proceedings. In the ruling on Lori and Lisa's "notice of appeal," the district court found they did not have standing. We conclude the district court properly denied Lori and Lisa's request for attorney fees under section 633.551(5).

**B.** Appellate Attorney Fees

Lori and Lisa also seek appellate attorney fees. For the reasons we have determined they were not entitled to trial attorney fees, we conclude they are not entitled to appellate attorney fees. *See Shaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (noting appellate attorney fees may be awarded when a statute permits trial attorney fees). We have determined Lori and Lisa are not entitled to an award of trial attorney fees under section 633.551(5) and are therefore not entitled to appellate attorney fees under that section.

We affirm the decision of the district court.

**AFFIRMED.**